IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**JOHN LEE**, Reg. No. 72420-004
Allenwood LSCI, P.O. Box 1000
White Deer, PA  17887

       Plaintiff,

       v.                                        Civil Action No. _____

**U.S. DEPARTMENT OF JUSTICE**
950 Pennsylvania Avenue, NW
Washington, DC  20530,

       Defendant.

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

### Introduction

1.      This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 et seq. as amended, for the disclosure of agency records improperly withheld from plaintiff by defendant U.S. Department of Justice, for relief from an adverse decision based on a rule which was not properly published in the Federal Register, and for declaratory and injunctive relief to prevent further publication of false and misleading information about the international prisoner transfer program.

### Jurisdiction

2.      This Court has both subject matter jurisdiction over this action and personal jurisdiction over the defendant pursuant to 5 U.S.C. §§ 552(a)(4)(B) and 28 U.S.C. § 1331.

## Venue

3.    Venue is proper under 5 U.S.C. §§ 552(a)(4)(B) and 28 U.S.C. § 1391.

## Parties

4.    Plaintiff is a sixty-two year old federal prisoner and Canadian citizen who has been denied an international prisoner transfer on the grounds that he has not completely satisfied court-ordered restitution. Plaintiff's projected release date from U.S. custody is October 8, 2006.

5.    Defendant Department of Justice is an agency within the meaning of 5 U.S.C. § 552(e). Defendant denied plaintiff's request for an international prisoner transfer, and is in possession and/or control of the records requested by plaintiff. Defendant also publishes information about the international prisoner transfer program.

## Statement of Facts

6.    Defendant Department of Justice is charged with deciding applications for international prisoner transfers. Defendant denied John Lee's request for a prisoner transfer to Canada notwithstanding the facts that (1) plaintiff had largely satisfied the restitution order imposed on him at his sentencing, (2) plaintiff had received a downward departure at sentencing for his extraordinary efforts to make full restitution, (3) plaintiff has made it clear that he will complete payment of the restitution after service of his sentence in Canada, and (4) the plea agreement in plaintiff's case provided that "the United States agrees not to oppose [plaintiff Lee's] request to the International Prisoner Transfer Unit (IPTU), for a transfer of custody, pursuant to the treaty between the United States and Canada, to serve his sentence of imprisonment in Canada."

Because some restitution remained to be paid, defendant ruled that plaintiff Lee would not be permitted to transfer to Canada and pay the remaining restitution at the completion of his sentence.

7. Defendant also publishes information about the international prisoner transfer program on its website and elsewhere. On its website, defendant states that the decision to approve or deny an international prisoner transfer application is "based on the entire record of the offender." With respect to restitution, defendant places "unpaid court-ordered assessments, fines, or restitution" in a single category of discretionary factors which will be considered in the same manner. On information and belief, defendant routinely approves transfer applicants with unpaid assessments and fines, but has not approved an applicant with unpaid restitution for at least five years. In addition, defendant publishes other information about the international prisoner transfer program which is outdated, false and misleading.

8. Defendant has established a procedure by which restitution can be easily made collectible in Canada after transfer, and if that procedure is followed, defendant says that it may be willing to approve plaintiff's transfer. Defendant has possession and control of a collection of materials on this procedure. It is this collection of materials which plaintiff requested.

9. By letter dated May 4, 2005, plaintiff submitted to the Department of Justice a FOIA request for disclosure of this collection of materials, the existence of which had been specifically referenced by defendant in a letter dated April 19, 2005. Defendant received plaintiff's FOIA request on May 6, 2005. Defendant failed to provide the collection. Plaintiff filed an administrative appeal which was received by defendant on August 4, 2005. In response,

defendant wrote a letter on August 15, 2005, inviting plaintiff to treat defendant's lack of response as a denial of plaintiff's administrative appeal.

## Causes of Action

### First Claim for Relief (FOIA)

10. Plaintiff repeats and realleges paragraphs 1 through 9. Defendant has failed to comply with the statutory time periods which govern FOIA requests. Therefore, defendant has wrongfully withheld documents from plaintiff, and plaintiff has constructively exhausted all required administrative remedies.

11. Plaintiff has a legal right under FOIA to obtain the information he seeks, and there is no legal basis for the denial of said right by defendant.

### Second Claim for Relief (FOIA)

12. Plaintiff repeats and realleges paragraphs 1 through 9. Defendant's public information about the international prisoner transfer program treats unpaid special assessments, fines, and restitution as discretionary factors when, in fact, defendant treats unpaid restitution as an absolute bar to international transfer.

13. Plaintiff and the public are entitled to published statements about the program which accurately reflect defendant's decision-making process, and there is no legal basis for the denial of said right by defendant.

<u>Third claim for Relief</u> (FOIA)

14.     Plaintiff repeats and realleges paragraphs 1 through 9.  Defendant's guidelines for decision of international prisoner applications have never been published in the Federal Register.  Plaintiff, his trial attorney, and even the U.S. Attorney's Office for the Southern District of Florida were unaware of the manner in which defendant treats unpaid restitution.  Plaintiff has been adversely affected by matters which should have been published in the Federal Register.

<u>Prayer for Relief</u>

WHEREFORE, plaintiff respectfully requests that the Court:

(1) Order defendant to disclose the collection of materials on making U.S. restitution enforceable in Canada immediately and in their entirety to plaintiff,

(2) Order defendant to adhere to the requirements of 5 U.S.C. § 552(a) by publishing all information about the program and changes in its administration in the Federal Register,

(3) Declare that the current version of defendant's public information about the international prisoner transfer program is false and misleading, and enjoin its publication until corrections have been made,

(4) Declare that plaintiff has been adversely affected by defendant's failure to publish its true guidelines for transfer in the Federal Register, and as such plaintiff is entitled to the relief he originally sought from defendant – an immediate transfer of custody to Canadian authorities,

(5) Expedite this action pursuant to 28 U.S.C. § 1657(a),

(6) Award reasonable costs and attorney's fees as provided in 5 U.S.C. § 552(a)(4)(E) and/or 28 U.S.C. § 2412(d), and

(7) Grant such other relief as the Court may deem just and proper.

Respectfully submitted,

Dated: _____
Sylvia Royce
DC Bar 924035
5505 Connecticut Avenue, NW #340
Washington, DC  20015
Tel: (202) 362-3445
Fax: (202) 686-4271
sylvia_royce@hotmail.com
Attorney for Plaintiff John Lee