```
              UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF COLUMBIA


JOHN LEE,                      )
                               )
          Plaintiff,           )
                               )
     v.                        ) Civil No. 05-1665(RWR)
                               )
U.S. DEPT. OF JUSTICE,         )
                               )
          Defendant.           )
                               )
```

ANSWER

Defendant U.S. Dept. of Justice, by its undersigned attorneys, hereby answers the Complaint as follows:

FIRST DEFENSE

The Court should stay proceedings relating to plaintiff's FOIA claim to allow the agency to process plaintiff's request in due course pursuant to 552(a)(6)(C). <u>Open America v. Watergate Special Prosecution Force</u>, 547 F.2d 605 (D.C. Cir. 1976).

SECOND DEFENSE

The complaint fails to state a claim upon which relief can be granted.

THIRD DEFENSE

In response to the numbered paragraphs of the Complaint, defendant admits, denies, or otherwise states as follows:

1. Defendant admits that plaintiff brings this suit under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, to order production of agency records. Defendant denies the remainder of the allegations in paragraph 1.

2. Defendant acknowledges the existence of the statutes referenced in paragraph 2 of the complaint but deny that they necessarily confer jurisdiction over this matter or this defendant.

<u>Venue</u>

3. Admit.

<u>Parties</u>

4. Defendant admits the first sentence of paragraph 4. Defendant admits that plaintiff's projected release date from U.S. custody is October 9, 2006.

5. Defendant denies the first sentence of paragraph 5. Defendant admits that it denied plaintiff's request for an international prisoner transfer. Defendant admits that it possesses a document that is responsive to plaintiff's FOIA request. Defendant admits that it published information about the international prisoner transfer program.

<u>Statement of Facts</u>

6. Defendant admits the first sentence of paragraph 6. Defendant admits that plaintiff paid restitution of $8 million but denies that has necessarily "largely satisfied" the restitution order imposed on him at his sentencing. Defendant admits subpart (2) of paragraph 6. Defendant lacks sufficient information to admit or deny subpart (3) of paragraph 6. Defendant admits subpart (4) of paragraph 6, but denies that the agreement by the Criminal Assistant United States Attorney in the plea agreement "not to oppose" plaintiff's request for a transfer necessarily requires that the director of the Office of

Case 1:05-cv-01665-RWR    Document 4    Filed 10/05/2005    Page 3 of 5

Enforcement Operations approve the transfer. Defendant admits the last sentence of paragraph 6.

7. Defendant admits the first sentence of paragraph 7. Defendant generally admits the allegation in the second sentence of paragraph 2 but lacks sufficient information to know whether the website currently contains the precise language quoted by plaintiff. Defendant admits the accuracy of the discretionary factors but denies denies that they are necessarily considered in the same manner. Defendant denies the remainder of paragraph 7.

8. Defendant admits that it has a document responsive to plaintiff's request, but denies the remainder of the allegations in paragraph 8.

9. Defendant admits the allegations in the first and second sentences of paragraph 9. Defendant admits that no responsive documents were produced but denies that defendant refused to release the material. On July 22, 2005, the Office of Information & Privacy received plaintiff's administrative appeal dated July 15, 2005. Defendant admits the last sentence of paragraph 9.

## Causes of Action

### First Claim for Relief (FOIA)

10. Defendant realleges paragraphs 1 through 9. Defendant admits that it was unable to process plaintiff's request in due course within twenty days but denies that defendant has improperly withheld documents from plaintiff. Defendant admits that plaintiff appears to have exhausted his administrative remedies.

11. Defendant admits that plaintiff has a legal right under FOIA to seek documents. Defendant denies that it has refused to release responsive documents.

### Second Claim for Relief (FOIA)

12. Defendant realleges it response to paragraphs 1 through 11. Defendant denies the remainder of the allegations in paragraph 12.

13. Defendant denies that that its published statements with regard to the international prisoner transfer program are inaccurate or misleading.

### Third Claim for Relief (FOIA)

14. Defendant realleges its responses to paragraphs 1 through 13. Defendant lacks sufficient information to admit or deny the allegations in the remainder of paragraph 14 except that it denies that it acted improperly by failing to publish matters in the Federal Register that should have published.

### Prayer for Relief

Defendant denies that plaintiff is entitled to the relief sought in the Complaint, or to any relief whatsoever.

Except to the extent expressly admitted or qualified above, defendant denies each and every allegation in the Complaint.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN
D.C. Bar No. 451058
United States Attorney


_____
R. CRAIG LAWRENCE
D.C. Bar No. 171538
Assistant United States Attorney


_____
CHARLOTTE A. ABEL
D.C. BAR #388582
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-2332