UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN LEE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>U.S. DEPARTMENT OF JUSTICE, )<br>)<br>Defendant. )<br>) | Civ. A. No. 05-1665 (RWR) |

### DEFENDANT'S MOTION FOR A PROTECTIVE ORDER

Defendant, United States Department of Justice ("DOJ"), moves for an order protecting it from discovery in this Freedom of Information Act case. After the parties conferred and agreed to a proposed briefing schedule in this case that did not provide for discovery [docket #5], the plaintiff served interrogatories on defendant. As set forth in the accompanying memorandum of points and authorities, plaintiff is not entitled to the discovery that he seeks because the information sought is not material to his FOIA case. Accordingly, Defendant is entitled to an order directing that the discovery not be had.

### Certificate Pursuant to 26(c)

The parties conferred but were unable to resolve this matter necessitating the filing of this motion.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN
D.C. Bar No. 451058
United States Attorney

_____
R. CRAIG LAWRENCE
D.C. Bar No. 171538
Assistant U.S. Attorney

_____
CHARLOTTE A. ABEL
D.C. Bar No. 388582
Assistant U.S. Attorney
Civil Division
555 Fourth Street, NW
Washington, D.C. 20530
(202) 307-2332

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN LEE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. A. No. 05-1665 (RWR) |
| ) | |
| U.S. DEPARTMENT OF JUSTICE, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION FOR A PROTECTIVE ORDER**

Defendant, United States Department of Justice ("DOJ"), respectfully submits this memorandum of points and authorities in support of its motion for a protective order.

Plaintiff, though counsel, requested "copies of a collection of materials on the subject of making U.S. restitution orders enforceable in Canada" pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Plaintiff directed his request to the Criminal Division of the United States Department of Justice, FOIA/PA Unit, a component of the Office of Enforcement Operations. On August 22, 2005, Plaintiff filed the instant lawsuit complaining that although defendant received Plaintiff's FOIA request on May 6, 2005, Defendant failed to produce the requested documents. Complaint ¶ 9. By letter dated November 2, 2005, the Criminal Division FOIA/PA Unit released nine documents consisting of twenty six pages total to plaintiff's counsel. No pages were withheld in full. Minimal information was withheld pursuant to Exemptions 6 and 7(C) of the FOIA, 5 U.S.C. § 552(b)(6) and 7(C).

Defendant answered the lawsuit and the parties conferred with regard to a briefing

schedule. They did not discuss the necessity of discovery. Defense counsel assumed that discovery would not be had since discovery is not normally necessary in FOIA cases which are routinely disposed of by dispositive motion. Plaintiff's counsel did not request discovery during the planning conference. Accordingly, the parties jointly proposed a briefing schedule, which the Court later adopted, imposing deadlines for a dispositive motion (November 21) , an opposition (December 21), and a reply (January 5, 2006.)

On October 11, 2005, Plaintiff served the following interrogatories on defendant:

1. From October 1, 2000, through September 30, 2005, how many applicaitons for transfer to Canada were decided by Defendant?

2. From October 1, 2000, through September 30, 2005, how many applications for transfer to Canada were denied in part because of unpaid court-ordered restitution?

3. From October 1, 2000, through September 30, 2005, how many applications for transfer to Canada were denied solely because of unpaid court-ordered restitution?

4. From October 1, 2000, through September 30, 2005, how many paplicaitons for transfer to Canada were approved despite unpaid court-ordered restitution?

5. From October 1, 2000, though September 30, 2005, how many applicaitons for transfer to countries other than Canada were approved without regard to unpaid court-ordered assessments or fines?

6. From October 1, 2000, through September 30, 2005, how many applicaitons for transfer to countries other than Canada were approved without regard to unpaid court-ordered assessments or fines?

7. From October 1, 2000, through September 30, 2005, how many "hits" did the International Prisoner Tranfer portion of Defendant's website (www.usdoj.gov) receive?

## ARGUMENT

Fed. R. Civ. P. 26(b)(1) limits the scope of discovery as follows:

**In General.** Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons have knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence....

Defendant is entitled to a protective order. The only cause of action asserted by plaintiff in the complaint is under the Freedom of Information Act. Complaint pp. 4-5.[1] Although discovery is not prohibited in FOIA cases, in general FOIA lawsuits are resolved without discovery. *Wheeler v. CIA*, 271 F. Supp. 2d 132, 139 (D.D.C. 2003); ("Discovery is generally unavailable in FOIA actions."); *Judicial Watch, Inc. v. Exp. Imp. Bank,* 108 F. Supp. 2d 19, 25 (D.D.C. 2000)("[D]iscovery in a FOIA action is generally inappropriate." *Pub. Citizen Health Research Group v. FDA*, 997 F.Supp. 56, 72 (D.D.C. 1998)("Discovery is to be sparingly granted in FOIA actions."), *aff'd in part, rev'd in part & remanded*, 185 F.3d 898 (D.C. Cir. 1999).

Whether discovery should be had and the type of discovery to be had rests with the sound discretion of the trial court. *See Grand Cent. P'ship v. Cuomo*, 166 F.3d 473, 488 (2d Cir. 1999)(noting that a district court has "'broad discretion to manage the scope

---

[1] Plaintiff is a federal prisoner and a Canadian citizen who alleges that he has wrongfully been denied an international prisoner transfer on the grounds that he has not completely satisfied court-ordered restitution. Complaint ¶ 4. He further alleges that he has been adversely affected by matters which should have been published in the Federal Register. Compl. ¶ 14. Plaintiff seeks injunctive and declaratory relief claiming that he is entitled to published statements about the international prisoner transfer program which accurately reflect defendant's decision-making process. Compl. ¶ 13. However, the only relief that plaintiff is entitled to under FOIA is production of the requested agency records. *Perry v. Block*, 684 F.2d 121 (D.C. Cir. 1982).

3

of discovery'") (quoting *SafeCard Servs. v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991))). Permissible discovery should take place, if at all, only after the government moves for summary judgment and submits its supporting affidavits and memorandum of law, which contain its evidentiary proof in the case. *See, e.g., Miscavige v. IRS*, 2 F.3d 366, 369 (11th Cir. 1993)("The plaintiff's early attempt in litigation of this kind...to take discovery depositions is inappropriate until the government has first had a chance to provide the court with the information necessary to make a decision on the applicable exemptions.") Before being permitted discovery, a FOIA plaintiff must adequately explain how the specific discovery requested will uncover information that would create a genuine issue of material fact. *See Ctr. for Nat'l Sec. Studies v. Dep't of Justice*, No. 01-2500, 2002 U.S. Dist. LEXIS 2983, at *5 (D.D.C. Feb. 21, 2002)("In order to obtain discovery under Fed. R. Civ. P. 56(f), a plaintiff must demonstrate that '[he] cannot for reasons stated present by affidavit facts essential to justify [his] opposition.'"(quoting *Carpenter v. Fed. Nat'l Mortgage Ass'n*, 174 F.3d 231, 237 (D.C. Cir. 1999))), *rev'd on other grounds*, 331 F. 3d 918 (D.C. Cir. 2003), *cert. denied*, 124 S.Ct. 1041 (2004); *Code v. FBI*, No. 95-1892, 1997 WL 150070, at *8 (D.D.C. Mar. 26, 1997)(*citing Strang v. United States Arms Control & Disarm. Agency*, 864 F.2d 859, 861 (D.C. Cir. 1989)); *SMS Data Prod. Group v. United States Dep't of the Air Force*, No. 88-0481, 1989 WL 201031, at *5 (D.D.C. May 11, 1989)("In the absence of substantial questions concerning the substantive content of defendant's affidavits, further discovery is inappropriate."), *accord* Fed. R. Civ. P. 56(f)(describing the procedure for summary judgment when affidavits are unavailable).

4

Discovery should be denied altogether if the court is satisfied from the agency's affidavits that "no factual dispute remains", and when the affidavits are "reasonably detailed" and "submitted in good faith." *Schrecker v. United States Dep't of Justice*, 217 F.Supp. 2d 29, 35 (D.D.C. 2002), aff'd, 349 F.3d 657 (D.C. Cir. 2003); *Military Audit Project v. Casey*, 656 F.2d 724, 751 (D.C. Cir. 1981). Courts have refused to "allow [a] plaintiff to use this limited discovery opportunity as a fishing expedition [for] investigating matters related to separate lawsuits." *Al-Fayed v. CIA*, No. 00-2092 slip op. at 17 (D.D.C. Dec. 11 2000)(terming plaintiffs discovery request "a fishing expedition" and refusing to grant it); *aff'd on other grounds*, 254 F.3d 300 (D.C. Cir. 2001).

## CONCLUSION

For the reasons set forth above, the Court should grant Defendant's Motion for a Protective Order.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN
D.C. Bar No. 451058
United States Attorney


_____
R. CRAIG LAWRENCE
D.C. Bar No. 171538
Assistant U.S. Attorney


_____
CHARLOTTE A. ABEL
D.C. Bar No. 388582
Assistant U.S. Attorney
Civil Division
555 Fourth Street, NW
Washington, D.C. 20530
(202) 307-2332