UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN LEE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. A. No. 05-1665 (RWR) |
| ) | |
| U.S. DEPARTMENT OF JUSTICE, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Defendant, United States Department of Justice ("DOJ"), moves for summary judgment pursuant to Fed. R Civ. P. 56. As set forth in the accompanying memorandum of points and authorities, Defendant has conducted an adequate search in response to Plaintiff's request under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and it has released all responsive documents, with minimal redactions. Accordingly, Defendant is entitled to summary judgment.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN
D.C. Bar No. 451058
United States Attorney

_____
R. CRAIG LAWRENCE
D.C. Bar No. 171538
Assistant U.S. Attorney

_____
CHARLOTTE A. ABEL
D.C. Bar No. 388582
Assistant U.S. Attorney

Civil Division
555 Fourth Street, NW
Washington, D.C. 20530
(202) 307-2332

Case 1:05-cv-01665-RWR   Document 8   Filed 11/21/2005   Page 2 of 11

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN LEE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. A. No. 05-1665 (RWR) |
| ) | |
| U.S. DEPARTMENT OF JUSTICE, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Defendant, United States Department of Justice ("DOJ"), respectfully submits this memorandum of points and authorities in support of its motion for summary judgment.

Plaintiff, though counsel, requested "copies of a collection of materials on the subject of making U.S. restitution orders enforceable in Canada" pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Plaintiff directed his request to the Criminal Division of the United States Department of Justice, FOIA/PA Unit, a component of the Office of Enforcement Operations. Plaintiff's counsel attached a copy of a letter from Paula Wolff, Chief of the International Prisoner Transfer Unit, Criminal Division, which further identified the materials sought as being maintained by that Unit. *See* Exhibit 1. McIntyre Declaration ¶ 2. In response to Plaintiff's request, the Criminal Division FOIA/PA Unit released nine documents consisting of twenty six pages total to plaintiff's counsel. See Exhibit 7; McIntyre Declar. ¶ 8. Those records were released to Plaintiff with minimal redaction. McIntyre Declar. ¶ 8. Accordingly, Defendant is entitled to summary judgment.

## FACTUAL BACKGROUND

1. By letter dated May 4, 2005, Plaintiff John Lee made a FOIA request to the Criminal Division FOIA/PA Unit, United States Department of Justice. Plaintiff's counsel requested "copies of a collection of materials on the subject of making U.S. restitution orders enforceable in Canada." Plaintiff's counsel attached a copy of a letter dated April 19, 2005, from Paula Wolff, Chief of the International Prisoner Transfer Unit, Criminal Division, which further identified the materials sought as being maintained by that Unit. See Exhibit 1. Declaration of Thomas J. McIntyre, ¶2.

2. By letter dated May 27, 2005, the FOIA/PA Unit acknowledged receipt of plaintiff's request, advised that it had been assigned file number 200500506F and further advised that it would conduct a search for responsive records. *See* Exhibit 2. Declaration of Thomas McIntyre ¶ 3.

4. By letter dated July 12, 2005, to the FOIA/PA Unit, plaintiff's counsel requested that the plaintiff's request be taken out of turn. See Exhibit 3. Declar. of Thomas McIntyre ¶ 4.

5. By letter dated July 12, 2005, the FOIA/PA Unit advised plaintiff's counsel that it had not yet received a response to the request it had forwarded to the International Prisoner Transfer Unit seeking the responsive records. See Exhibit 4. Declar. of Thomas McIntyre ¶ 5.

6. By letter dated July 15, 2005, directed to the Office of Information and Privacy, plaintiff's counsel administratively appealed from the failure to the Criminal Division to respond to plaintiff's request. See Exhibit 5. McIntyre Declar. ¶ 6.

7. By letter dated August 15, 2005, the Office of Information and Privacy advised plaintiff's counsel that it had notified the Criminal Division of the appeal. Counsel was further advised that its function was limited to the review of records to which access had been denied and that it oculd not take action until there had been an initial determination by the Criminal Division. Counsel was also advised that her client would have a subsequent opportunity to file an appeal following the Criminal Division's response and that, at her option, she could treat the Office of Information and Privacy's response as a denial of her appeal and seek judicial review on behalf of her client. See Exhibit 6. Declar. of Thomas McIntyre ¶ 7.

8. By letter dated November 2, 2005, the Criminal Division FOIA/PA Unit released nine documents consisting of twenty six pages total to plaintiff's counsel. No pages were withheld in full. Minimal information was withheld pursuant to Exemptions 6 and 7(C) of the FOIA, 5 U.S.C. § 552(b)(6) and 7(C). Although plaintiff had already filed the instant lawsuit, he was informed of his right to seek administrative review. See Exhibit 7. Declar. of Thomas McIntrye ¶ 8.

9. A small amount of information was withheld from plaintiff in connection with the release of twenty-six pages of responsive material located by the International Prisoner Transfer Unit. This information consists of names, court docket numbers and, in a few instances, dates, that would either directly or indirectly lead to the identification of a third party. None of the information pertains to the plaintiff or relates to him in any way. Declar. of Thomas McIntyre ¶ 9.

## ARGUMENT

Defendant is entitled to summary judgment. As discussed above, the Criminal Division determined that all responsive records would be maintained solely by the International Prisoner Transfer Unit. See McIntyre Declar. ¶ 9, n.1. By letter dated November 2, 2005, the Criminal Division FOIA/PA Unit released all twenty-six pages of responsive records, with minimal redaction. McIntyre Declar. ¶ 8. Accordingly, Defendant has complied with its obligations under the FOIA.

Exemptions 6 and 7(C) permit the withholding of ...

> (6)   personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy; and
>
> (7)   records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information...
>
>   (C) could reasonably be expected to constitute an unwarranted invasion of personal privacy....

5 U.S.C. §§ 552(b)(6) and (7)(C).

Exemptions 6 and 7(C) each require a balancing of the individual's right to personal privacy against the public's interest in shedding light on an agency's performance of its statutory duties. The requestor's identity, purpose in making the request and proposed use of the requested information have no bearing on this balancing test. Here the records at issue were compiled in connection with efforts by the United States to obtain restitution from individuals who have been convicted of serious criminal activity. Thus, the portions of the records withheld satisfy the threshold requirement of

4

"records or information compiled for law enforcement purposes" as required by Exemption 7.

It has long been recognized that even there mere identification of an individual in any connection with a criminal law enforcement proceeding will engender a negative connotation. The fact that an individual has been the subject of criminal prosecution is a manifestly unfavorable reflection on the individual. Although these materials were, at one time, public court filings, this material is several years old. There is no evidence that these cases would have been the subject of any national publicity or notoriety, even at the time they were underway. Information that, at one time and place may have been public may–with the passage of time–become obscure. *See United States Dept. of Justice v. Reporters Committee for Freedom of the Press*, 489 U.S. 749, 762-771 (1989). Thus, the high level of privacy interest inherent in criminal law enforcement matters, the lack of significant notoriety of these matters even at the time they were *sub judice*, and the subsequent passage of time, create a substantial privacy interest for these individuals.

It should be emphasized that no independent interest of the government, *per se*, is being asserted in connection with the withholdings. The interest being protected is that of the privacy of the third parties alone. Furthermore, inasmuch as the substance of the material requested has been disclosed, revealing the small amount of identifying information is unlikely to add to the public's understanding of how an agency works or how well it performs its statutory duties. On balance, the substantial privacy interest outweighs any minimal public interest that might be served by disclosure. Such disclosure would be "clearly unwarranted" pursuant to 5 U.S.C. § 552(b)(6) and

5

"unwarranted" pursuant to 5 U.S.C. § 552(b)(7)(C).

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." In responding to a summary judgment motion, the adverse party must "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

The moving party is entitled to summary judgment "where the non-moving party has failed to make a sufficient showing on an essential element of [his or her] case to which [he or she] has the burden of proof." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Any factual assertions contained in affidavits and other evidence in support of the moving party's motion for summary judgment shall be accepted as true unless the facts are controverted by the non-moving party through affidavits or other documentary evidence. *F. R. Civ. P. 56(e).*

In resolving the summary judgment motion, all reasonable inferences that may be drawn from the facts placed before the Court must be drawn in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The inferences, however, must be reasonable, and the non-moving party can only defeat a motion for summary judgment by responding with some factual showing to create a genuine issue of material fact. *Harding v. Gray*, 9 F.3d 150, 154 (D.C. Cir. 1993). The non-movant has met its burden of showing that a dispute about a material fact is genuine only "if the

6

evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Laningham v. U.S. Navy*, 813 F. 2d 1236, 1241 (D.C. Cir. 1987) (*per curiam*) (citing *Anderson, supra)*.

To determine whether a fact is material, one must refer to the substantive law. *Anderson*, 477 U.S. at 248. The Supreme Court has held that "[o]nly disputes over the facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* Summary judgment should therefore be granted if the moving party submits "affirmative evidence that negates an essential element of the nonmoving party's claim" or demonstrates "that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim." *High Tech Gays v. Defense Industrial Security Clearance Office*, 895 F.2d 563, 574, reh'g denied, 909 F.2d 375 (9th Cir. 1990) (citing *Celotex v. Catrett*, 477 U.S. 317, 331 (1986)).

Summary judgment is the preferred method of resolving cases brought under FOIA. Indeed, most actions brought under the FOIA are resolved in this fashion. *See, e.g., Miscavige v. IRS,* 2 F. 3d 366, 369 (11th Cir. 1993) (FOIA cases should be handled on motions for summary judgment once the documents in use are properly identified). Summary judgment should be freely granted where as here there are no material facts at issue and the agency is entitled to judgment as a matter of law. *See Alyeska Pipeline Service Co. v. EPA,* 856 F. 2d 309, 314-315 (D.C. Cir. 1988); *Military Audit Project v. Casey,* 656 F. 2d 724, 738 (D.C. Cir. 1981).

Here, Defendant is entitled to summary judgment.  As indicated in the attached

7

declaration of Thomas J. McIntyre, Mr. Lee made a FOIA request for "copies of a collection of materials on the subject of making U.S. restitution orders enforceable in Canada." Declar. of Thomas McIntyre ¶ 2. In response to Mr. Lee's request, the Criminal Division made a request of the International Prisoner Transfer Unit for documents responsive to the request. Inasmuch as plaintiff's request specifically sought only a discrete category of materials reference by the Chief of the International Prisoner Transfer Unit (See Exhibit 1), there was no purpose served by searching any other sections of the Criminal Division. By the terms of the request itself, any and all responsive records would be maintained solely by the International Prisoner Transfer Unit. *See* McIntyre Declar. ¶ 9, n.1.

In short, the Criminal Division of the U.S. Department of Justice has conducted an adequate search under the FOIA and has released all records responsive to Plaintiff's FOIA request, with minimal redactions. Furthermore, since only the bare minimum amount of information essential to protecting the privacy of the third parties has been withheld, and all other non-identifying information has been released, the defendant has satisfied its obligation to demonstrate that all reasonably segregable, nonexempt information was disclosed. McIntyre Declar. ¶ 16. Since there is no genuine issue of material fact, summary judgment should be granted on behalf of the Defendant.

## CONCLUSION

For the reasons set forth above, the Court should grant Defendant's Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN
D.C. Bar No. 451058
United States Attorney


_____
R. CRAIG LAWRENCE
D.C. Bar No. 171538
Assistant U.S. Attorney


_____
CHARLOTTE A. ABEL
D.C. Bar No. 388582
Assistant U.S. Attorney
Civil Division
555 Fourth Street, NW
Washington, D.C. 20530
(202) 307-2332