UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
JOHN LEE,                      )
                               )
        Plaintiff,             )
                               )
        v.                     )
                               )    CIVIL NO. 05-1665 (RWR)
U.S. DEP'T OF JUSTICE,         )
                               )
        Defendant.             )
_____)
```

## DECLARATION OF THOMAS J. McINTYRE

I, Thomas J. McIntyre, declare the following to be true and correct:

1. I am the Chief of the Freedom of Information Act/Privacy Act Unit (FOIA/PA Unit), Criminal Division of the United States Department of Justice (DOJ), a component of the Office of Enforcement Operations. I have held this position since December 1997. In this capacity, I bear the ultimate responsibility for responding to all requests to the Criminal Division submitted under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, and the Privacy Act of 1974 (PA), 5 U.S.C. § 552a. Consequently, I am thoroughly familiar with all aspects of the processing of such requests. I make this declaration on the basis of information known to me personally or information acquired through the performance of my official duties.

### SUMMARY OF CORRESPONDENCE

2. By letter dated May 4, 2005, addressed to the Criminal Division FOIA/PA Unit, plaintiff's counsel requested, on behalf

of plaintiff, "copies of a collection of materials on the subject

of making U.S. restitution orders enforceable in Canada."

Plaintiff's counsel attached a copy of a letter dated April 19,

2005, from Paula Wolff, Chief of the International Prisoner

Transfer Unit, Criminal Division, which further identified the

materials specifically sought as being maintained by that Unit.

*See* Exhibit 1.

3.    By letter dated May, 27, 2005, the FOIA/PA Unit

acknowledged receipt of plaintiff's request, advised that it had

been assigned file number 200500506F and further advised that it

would conduct a search for responsive records located in the

Criminal Division.  *See* Exhibit 2.

4.  By letter dated June 5, 2005, to the FOIA/PA Unit,

plaintiff's counsel requested that the plaintiff's request be

taken out of turn.  *See* Exhibit 3.

5.  By letter dated July 12, 2005, the FOIA/PA Unit advised

plaintiff's counsel that it had not yet received a response to

the request it had forwarded to the International Prisoner

Transfer Unit seeking the responsive records.  This letter also

informed counsel of her right to file an administrative appeal to

the Office of Information and Privacy on plaintiff's behalf

regarding the constructive denial of his request.  *See* Exhibit 4.

6. By letter July 15, 2005, directed to the Office of

Information and Privacy, plaintiff's counsel administratively

-2-

appealed from the failure of the Criminal Division to respond to plaintiff's request.  *See* Exhibit 5.

7.  By letter dated August 15, 2005, the Office of Information and Privacy advised plaintiff's counsel that it had notified the Criminal Division of the appeal.  Counsel was further advised that its function was limited to the review of records to which access had been denied and that it could not take action until there had been an initial determination by the Criminal Division.  Counsel was also advised that her client would have a subsequent opportunity to file an appeal following the Criminal Division's response and that, at her option, she could treat the Office of Information and Privacy's response as a denial of her appeal and seek judicial review on behalf of her client.  *See* Exhibit 6.

8.  By letter dated November 2, 2005, the Criminal Division FOIA/PA Unit released nine documents consisting of twenty six pages total to plaintiff's counsel.  No pages were withheld in full.  Minimal information was withheld pursuant to Exemptions 6 and 7(C) of the FOIA, 5 U.S.C. § 552(b)(6) & (7)(C).  Although plaintiff had previously filed suit on this request, counsel was informed of her right to again seek administrative review on behalf of her client.  *See* Exhibit 7.

<u>JUSTIFICATION OF MATERIAL WITHHELD AS EXEMPT</u>

9.  As noted, a small amount of information was withheld

-3-

from plaintiff in connection with the release of twenty-six pages of responsive material located by the International Prisoner Transfer Unit.[1]  This information consists of names, court docket numbers and, in a few instances, dates, that would either directly or indirectly lead to the identification of a third-party.  None of the information pertains to the plaintiff or relates to him in any way.

10.  This, minimal, information has been withheld pursuant to FOIA Exemptions 6 and 7(C).  These exemptions permit the withholding of...

> (6) personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy; and

> (7) records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ...

> (C) could reasonably be expected to constitute an unwarranted invasion of personal privacy ....

5 U.S.C. §§ 552(b)(6) and (7)(C).

---

[1] Inasmuch as plaintiff's request specifically seeks only a discrete category of materials referenced by the Chief of the International Prisoner Transfer Unit on page 2 of her letter dated April 19, 2005 (*See* Exhibit 1), there would be no purpose served by searching any other sections of the Criminal Division. By the terms of the request itself, any and all responsive records would be maintained solely by the International Prisoner Transfer Unit.

11.   Exemptions 6 and 7(C) each require a balancing of the individual's right to personal privacy against the public's interest in shedding light on an agency's performance of its statutory duties.  The requester's identity, purpose in making the request and proposed use of the requested information have no bearing on this balancing test.

12.   These records were compiled in connection with efforts by the United States to obtain restitution from individuals who had been convicted of serious criminal activity.  I have, therefore, concluded that they satisfy the threshold requirement of "records or information compiled for law enforcement purposes" as required by Exemption 7.

13.   It has been long recognized that even the mere identification of an individual in any connection with a criminal law enforcement proceeding will engender a negative connotation. Obviously, the fact that an individual has been the subject of criminal prosecution is a manifestly unfavorable reflection on the individual.  Although it is acknowledged that these materials were, at one time, public court filings, this material is several years old.  There is no evidence that these cases would have the subject of any national publicity or notoriety, even at the time the cases were underway.

14.   Under the circumstances, mindful of the Supreme Court's instruction in *United States Department of Justice v. Reporters*

*Committee for Freedom of the Press*, 489 U.S. 749, 762-771 (1989), that even information that, at one time and place may have been public may--with the passage of time--become obscure, as a practical matter, I have concluded that the high level of privacy interest inherent in criminal law enforcement matters, the lack of significant notoriety of these matters even at the time they were *sub judice*, and the subsequent passage of time, have revived the privacy interests of these individuals if, indeed, they could ever have genuinely been said to have lapsed. It should be emphasized in this respect that no independent interest of the government, *per se*, is being asserted in connection with these withholdings. The interest being protected is that of the privacy of the third parties alone.[2]

    15. On the other hand, inasmuch as the substance of the material requested has been disclosed, I have concluded that revealing this small amount of identifying information is unlikely to add to the public's understanding of how an agency works or how well it performs its statutory duties. On balance, I have determined that the substantial privacy interest outweighs

_____

    [2] It should also be noted that, as a practical matter, the careful redaction of this material to eliminate personal identifying information presents a significantly greater administrative burden on this Office than would be created by simply releasing the information in full without such processing. Again, this work was undertaken solely out of concern for the third parties' privacy interests, and in an understanding that the Unit is obligated by the Supreme Court's instructions to undertake such redaction.

any minimal public interest that might be served by disclosure. Since such disclosure would be "clearly unwarranted" as required by 5 U.S.C. § 552(b)(6), which is the higher of the two standards of invasion of privacy, the release of this information also would be "unwarranted" as required by 5 U.S.C. § 552(b)(7)(C).

16. As noted in paragraph 9, *supra,* only the bare minimal amount of information essential to protecting the privacy of the third parties has been withheld. All other, nonidentifying, information has been segregated and released.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: November 21, 2005

THOMAS J. MCINTYRE

-7-

SYLVIA ROYCE
ATTORNEY AT LAW
5505 CONNECTICUT AVENUE, NW. #340
WASHINGTON, DC 20015

SYLVIA_ROYCE@HOTMAIL.COM

TELEPHONE
(202) 362-3445

FACSIMILE
(202) 686-4271

May 4, 2005

Thomas J. McIntyre, Chief
FOIA/PA Unit
Criminal Division
Department of Justice
Suite 1127, Keeney Building
Washington, DC 20530-0001

Re:    Freedom of Information Act Request

Dear Mr. McIntyre:

This is a request under 5 U.S.C. § 552, et seq. as amended, for copies of a collection of materials on the subject of making U.S. restitution orders enforceable in Canada. The collection is maintained within the offices of the International Prisoner Transfer Unit in the Office of Enforcement Operations. For the sake of clarity I include an April 19, 2005, letter from Ms. Wolff which references these materials.

I will pay reasonable copying costs. Kindly advise me if the cost of copying will exceed $25.

If you deny all or any part of this request, please cite each specific exemption you think justifies your refusal to release the information and notify me of appeal procedures available under the law.

If you have any questions about handling this request, please telephone me at (202) 362-3445 during business hours.

Sincerely,

Sylvia Royce

McINTYRE DECLARATION
LEE v. DOJ, CIV. No. 05-1665 (RWR)
EXHIBIT 1

cc:    Patricia D. Harris, Management Analyst
       FOIA/PA Mail Referral Unit
       Department of Justice
       Room 1070, National Place Building
       Washington, DC 20530-0001



**U.S. Department of Justice**

10th & Constitution Avenue, N.W.
Criminal Division
Office of Enforcement Operations

*International Prisoner Transfer Unit*
*John C. Keeney Building, 12th Floor*
*Washington, D.C.  20530*

APR 1 9

Sylvia Royce, Esquire
5505 Connecticut Avenue, N.W., #340
Washington, D.C.  20015

      Re: Prisoner Transfer Application of John Lee, Reg. No. 72420-004

Dear Ms. Royce:

      The Department of Justice denied the international prisoner transfer application of Mr. Lee because he owed approximately $2 million in unpaid restitution. Although it is true that he made substantial efforts to pay almost $8 million in restitution to the victim of his fraudulent conduct, the fact remains that the court issued a mandatory restitution order of $10 million which has not been satisfied. It would be irresponsible for this office to transfer Mr. Lee in such a situation.

      As you noted in your letter, the attorneys at the sentencing hearing were not totally clear about various aspects of the transfer program. For example, Congress vested the authority to decide transfer applications to the Attorney General who delegated his authority to the Office of Enforcement Operations in the Criminal Division. The transfer decision is entirely discretionary; neither the State Department nor the Federal Bureau of Prisons participates in the decision-making process. As former Chief of this office, you also know that in preparing the case for review, we regularly contact the prosecutor, law enforcement agencies, and immigration authorities. However, contrary to the statements of the attorneys at the sentencing hearing, it has never been our routine practice to contact the sentencing court.

      From the sentencing transcript in Mr. Lee's case, it appears that Judge Zloch, in deciding whether to recommend that the prisoner be considered for transfer, was concerned about how Canada would administer the sentence. In particular, he appeared worried that if Mr. Lee were transferred, Canadian parole laws would result in Mr. Lee being released earlier than if he remained in the United States to serve his sentence. Although Judge Zloch was also concerned about the unpaid restitution, he seemed primarily concerned about how the sentence would be administered in Canada. His desire to be consulted appeared to us to be based on these concerns. Since we decided that the unpaid restitution warranted a denial of the transfer request in this case, the concerns of the judge did not arise and, thus, there was no need for us to contact him.

      We would be willing to reconsider our decision in Mr. Lee's case if the restitution is satisfied or if the court modifies its order. You note in your various communications that the

- 2 -

restitution has been reduced to a civil judgment and that it can be enforced in Canada. It is my understanding, however, that the process is considerably more complicated and that simply having a civil judgment is not sufficient to provide the legal authority for the United States to enforce the judgment in Canada. Several years ago, at the request of a United States Attorneys' Office, which had received significant assistance from a defendant in a multimillion dollar fraud case, we worked with the Civil Division and the United States Attorneys Office in exploring the various steps necessary to make a United States judgment enforceable in the courts of Canada. It was a complicated and extremely time consuming process that involved the filing of various legal motions and the obtaining of various judicial orders. This office and the Civil Division became involved in this process because of a specific request from a United States Attorney's Office. It was a unique situation.

For such a process to work, the prosecuting United States Attorney's Office must be willing to assist in the process. If the prosecuting attorney in Mr. Lee's case is willing to assume this role, this office can send him the materials we collected several years ago. This office, however, lacks the resources to become involved further in the details of performing the requisite steps necessary to make the restitution order against Mr. Lee enforceable in Canada. In addition, it is my understanding that the Civil Division of the Department of Justice will also need to participate in this process and, I am unable to state if that Division would be willing to assist in this process or if it has the resources to do so.

Sincerely,

Paula A. Wolff

Paula A. Wolff, Chief
International Prisoner Transfer Unit



**U.S. Department of Justice**

Criminal Division

---

*Office of Enforcement Operations*                    *Washington, D.C. 20530*

TJM:KS:ldb
Typed 5/20/05                    MAY 2 7 2005

CRM-200500506F


Ms. Sylvia Royce
Attorney At Law
5505 Connecticut Avenue, NW, #340
Washington, DC  20015

Dear Ms. Royce:

    This is to acknowledge receipt of your letter of
May 4, 2005, requesting records of the Criminal Division under
the Freedom of Information Act (FOIA).  This request has been
assigned file number 200500506F.  Please refer to this number in
any future correspondence with this Unit.

    We will conduct a search to determine what records (if any)
we have that are within the scope of your request.  Once we have
completed our search, we will notify you as to our disposition of
your request.  Please note that this search will encompass only
Criminal Division records.

    If you have any questions regarding the status of this
request, you may contact Denise Kennedy on 202-616-0307.

                    Sincerely,



                    Thomas J. McIntyre, Chief
                    Freedom of Information/Privacy Act Unit


McINTYRE DECLARATION
LEE v. DOJ, Civ. No. 05-1665 (RWR)
EXHIBIT 2

FILE COPY

SYLVIA ROYCE

ATTORNEY AT LAW

5505 CONNECTICUT AVENUE, NW, #340

WASHINGTON, DC 20015

SYLVIA_ROYCE@HOTMAIL.COM

TELEPHONE
(202) 362-3445

FACSIMILE
(202) 686-4271

June 5, 2005

Thomas J. McIntyre, Chief
FOIA/PA Unit
Criminal Division
Department of Justice
Suite 1127, Keeney Building
Washington, DC 20530-0001

JUN 1 3 2005

Re:    Freedom of Information Act Request 200500506F

Dear Mr. McIntyre:

This is to request that the above-noted FOIA request be taken out of turn and that the requested documents be supplied by July 8, 2005.

The requester, John Lee, has been denied an international prisoner transfer to Canada on the grounds that he has not been able to pay all of his court-ordered restitution.[1]  We have asked for a collection of materials, specifically referenced by the Chief of the International Prisoner Transfer Unit in a letter dated April 19, 2005, on the subject of enforcing U.S. restitution orders in Canada.  Once we understand the procedure we will see if the remaining restitution can be made enforceable in Canada in a manner that satisfies the IPTU.

In an unrelated case, documents requested in 2003 have still not been provided.  Mr. Lee's projected release date is October 8, 2006.  We recognize that your staff is overburdened, but if our request cannot be answered substantively in the next few weeks, Mr. Lee and other similarly-situated transfer applicants will lose any meaningful opportunity to learn of and therefore to comply with the Department's requirements.

---

[1]  This denial was issued despite the fact that the U.S. Attorney's Office had asked the sentencing court for a reduced sentence for Lee in light of his extraordinary efforts to make restitution, and despite the fact that the sentencing judge had recommended Lee's transfer.

The collection of materials is not likely to be voluminous, and it is not likely to require extensive expert analysis in order to determine the applicability of any of the exemptions to the FOIA.  Indeed, on information and belief, some of the documents are excerpts from public records previously filed in federal court in Pennsylvania.

Under *Open America* v. *Watergate Special Prosecution Force*, 547 F.2d 605 (D.C. Cir. 1976), we submit that Mr. Lee and the public are entitled to see these documents as quickly as possible.

Sincerely,

Sylvia Royce

cc:    Patricia D. Harris, Management Analyst
       FOIA/PA Mail Referral Unit
       Department of Justice
       Room 1070, National Place Building
       Washington, DC 20530-0001



**U.S. Department of Justice**

Criminal Division

---

*Office of Enforcement Operations*                   *Washington, D.C. 20530*

TJM:KS:ts
typed 7-06-05                           JUL 1 2 2005

CRM-200500506F


Ms. Sylvia Royce, Esq.
5505 Connecticut Avenue, NW, #340
Washington, DC 20015

Dear Ms. Royce:

    This is in response to your letter dated June 5, 2005, regarding request number 200500506F concerning the subject of enforcing U.S. restitution orders in Canada.

    As of this date, we have not received a response to our search to the International Prisoner Transfer Unit. We will advise you further when pertinent documents have been received and reviewed. We regret this delay and your continued patience is appreciated.

    If you deem our failure to comply with the applicable deadlines to be a denial of your request, you have a right to an administrative appeal. The appeal should be in writing and addressed to: Assistant Attorney General, Office of Legal Policy (Attention: Co-Director, Office of Information and Privacy), Flag Building, Suite 570, United States Department of Justice, Washington, D.C. 20530. The envelope and letter should be clearly marked, "FOIPA Appeal". If on appeal your request is denied, judicial review will be available to you in the district in which you reside, in which you have your principal place of business, in which the records denied to you are located, or the District of Columbia. If you elect to file an appeal, please include, in your letter to the Office of Information and Privacy, the Criminal Division file number that appears above your name in this letter.


                      Sincerely,



                      Thomas J. McIntyre, Chief
                      Freedom of Information/Privacy Act Unit

MCINTYRE DECLARATION
LEE v. DOJ, Civ. No. 05-1665 (RWR)
EXHIBIT 4

*rec'd 7-22-05*

05-2370

*PA/FOIA*

Ⓕ

*CRM*

*see tab*

# SYLVIA ROYCE
### ATTORNEY AT LAW
5505 CONNECTICUT AVENUE, NW, #340
WASHINGTON, DC 20015

SYLVIA_ROYCE@HOTMAIL.COM

TELEPHONE
(202) 362-3445

FACSIMILE
(202) 686-4271

*FOIPA appeal*

July 15, 2005

Assistant Attorney General,
    Office of Legal Policy
Flag Building, Suite 570
U.S. Department of Justice
Washington, DC 20530-0001

**OFFICE OF INFORMATION
AND PRIVACY**

**JUL 2 2 2005**

**RECEIVED**

attn:  Co-Director, Office of Information and Privacy

Re:    Freedom of Information Act Request 200500506F

Dear Sir or Madam:

This is to appeal a failure to respond to a request for documents.

John Lee is a Canadian citizen convicted in federal court in Florida of a non-violent, first offense. He is presently incarcerated in Allenwood, a low security institution. Pursuant to treaties which have been in effect since the late 1970's, there is a discretionary program which permits foreign nationals to transfer to their home countries to complete the service of their U.S.-imposed sentences close to home and family. Mr. Lee applied for an international prisoner transfer to Canada, but he was denied transfer on the grounds that he had not been able to pay all of his court-ordered restitution.[1]

Mr. Lee filed a FOIA request for a collection of materials, specifically referenced by the Chief of the International Prisoner Transfer Unit[2] in a letter dated April 19,

---

[1] This denial was issued despite the fact that the U.S. Attorney's Office had asked the sentencing court for a reduced sentence for Lee in light of his extraordinary efforts to make restitution, and despite the fact that the sentencing judge had recommended Lee's transfer.

[2] Hereinafter, IPTU. IPTU is part of the Office of Enforcement Operations in the Criminal Division, which coincidentally also administers the FOIA program for the Criminal Division.

McINTYRE DECLARATION
LEE v. DOJ, Civ. No. 05-1665 (RWR)
EXHIBIT 5

2005, on the subject of enforcing U.S. restitution orders in Canada. We believe that when we understand this procedure, we will be able to make the remaining restitution enforceable in Canada in a manner that satisfies the IPTU. It appears that the collection of documents consists entirely or largely of motions and orders entered in another case or cases.

Mr. Lee is an outstanding candidate for an international prisoner transfer to Canada, and the failure of the Criminal Division to supply him with documents which would help him cure the perceived defect in his transfer application is hard to understand. In addition, Mr. Lee is serving a short sentence which will terminate on October 8, 2006, so that a timely response to his request for documents is particularly urgent.

We therefore appeal the Criminal Division's failure to comply with the applicable deadlines for providing these documents. We enclose prior correspondence with the two units within the Office of Enforcement Operations with responsibility for this matter.

Respectfully submitted,

Sylvia Royce

-2-

Exhibits for the Appeal of 200500506F
(a request for documents by John Lee)

Exhibit number                     Description

1.    March 9, 2005, denial of Mr. Lee's request for an international prisoner transfer on the grounds that he has not satisfied his court-ordered restitution.

2.    March 14, 2005, request for clarification by Mr. Lee of the Department's position on the relationship between international prisoner transfer and restitution.

3.    April 19, 2005, letter from the Chief of the International Prisoner Transfer Unit referencing a collection of legal motions and judicial orders pertaining to making U.S. restitution enforceable in Canada.

4.    April 27, 2005, letter to the Attorney General requesting his intervention, with proof of service by certified mail. No response has been received to date.

5.    May 4, 2005, request for documents under the FOIA by Mr. Lee. An interim response was received to the request.

6.    June 5, 2005, letter to the Department requesting that Mr. Lee's request for documents be taken out of turn because of the urgency of his situation.

7.    July 12, 2005, letter from the Chief of the FOIA/PA Unit noting that the international prisoner transfer unit has not responded to the request for a search, and apologizing for the delay.



**U.S. Department of Justice**

Office of Information and Privacy

_____

*Telephone: (202) 514-3642*          *Washington, D.C. 20530*

AUG 1 5 2005

Sylvia Royce, Esq.
No. 340                          Re:  Appeal No. 05-2370
5505 Connecticut Avenue NW.            Request No. CRM200500506F
Washington, DC  20015                  RLH:NSQ:JTR

Dear Ms. Royce:

     You appealed on behalf of your client, John Lee, from the
failure of the Criminal Division of the United States Department of
Justice to respond to your client's request for access to records
concerning the enforcement of United States restitution orders in
Canada.

     I have notified the Criminal Division of your communication.
Although the Freedom of Information Act authorizes you to treat the
failure of a component to act on your client's request within the
specified time limit as a denial thereof, this Office cannot take
action until there has been an initial determination by the Criminal
Division.  The function of this Office is limited to the review of
records to which access has been denied.  You may appeal again to
this Office if you are dissatisfied with the Criminal Division's
ultimate action on your request.

     In the event that the Criminal Division still has not responded
to your client's request at the time you receive this letter, you
may, if you choose, treat my letter as a denial of your appeal and
seek judicial review in accordance with 5 U.S.C. § 552(a)(4)(B).  I
hope that, in making a decision, you will give sympathetic
consideration to the fact that the Department of Justice has many
requests pending at this time and is making every possible,
reasonable effort to process them.

                              Sincerely,



                              Richard L. Huff
                              Co-Director

McINTYRE DECLARATION
LEE v. DOJ, Civ. No. 05-1665 (RWR)
EXHIBIT 6



**U.S. Department of Justice**

Criminal Division
Office of Enforcement Operations

*(202) 616-0307*                                    *Washington, D.C.   20530*

CRM-200500506F

Sylvia Royce, Esq.
5505 Connecticut Avenue, N.W.
Suite 340                                    **NOV** 2   2005
Washington, D.C. 20015

Dear Ms. Royce:

    This is in further response to your Freedom of Information
Act request of May 4, 2005, for access to materials regarding
making United States restitution orders enforceable in Canada.

    I am enclosing a copy of all materials requested.  The only
information deleted consists of information which would identify
third parties.  This information is being withheld pursuant to
the following FOIA exemption(s) set forth in 5 U.S.C. 552(b):

    (6)    which permits the withholding of personnel
and medical files and similar files the
disclosure of which would constitute a
clearly unwarranted invasion of personal
privacy;

    (7)    which permits the withholding of records or
information compiled for law enforcement
purposes, but only to the extent that the
production of such law enforcement records or
information...

    (C)    could reasonably be expected to
constitute an unwarranted invasion
of personal privacy.

See, e.g., United States Department of Justice v. Reporters
Committee for Freedom of the Press, 489 U.S. 749 (1989).

    Please note that all information deleted by this Office is
bounded by brackets.  In certain cases (such as document CRM-4),
information such as a case number or the name of a judge does not
appear on the original documents maintained by the Criminal
Division.

    Although I am aware that you have filed suit regarding this

**FILE COPY**    McINTYRE DECLARATION
LEE v. DOJ, Civ. No. 05-1665 (RWR)
EXHIBIT 7

- 2 -

request, I am required by state and Department regulations to advise you of your right to an administrative appeal.  Department regulations provide that such appeals must be filed within sixty days of your receipt of this letter.  28 C.F.R. 16.9.  Your appeal should be addressed to:  Co-Director, Office of Information and Privacy, Flag Building, Suite 570, United States Department of Justice, Washington, D.C. 20530.  Both the envelope and the letter should be clearly marked with the legend "FOIA Appeal."  If you exercise this right and your appeal is denied, you also have the right to seek judicial review of this action in the federal judicial district (1) in which you reside, (2) in which you have your principal place of business, (3) in which the records denied are located, or (4) for the District of Columbia. If you elect to file an appeal, please include, in your letter to the Office of Information and Privacy,  the Criminal Division file number that appears above your name in this letter.

                    Sincerely,


                    Thomas J. McIntyre, Chief
                    Freedom of Information/Privacy Act Unit
                    Criminal Division