**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**JOHN LEE**, Reg. No. 72420-004
Allenwood LSCI, P.O. Box 1000
White Deer, PA   17887,

       Plaintiff,

       v.                       Civil Action No. 05-1665 (RWR)

**U.S. DEPARTMENT OF JUSTICE**
950 Pennsylvania Avenue, NW
Washington, DC   20530,

       Defendant.

## OPPOSITION TO DEFENDANT'S MOTION FOR A PROTECTIVE ORDER

Defendant has moved for a protective order against interrogatories propounded on October 11, 2005.

### Chronology of Efforts to Resolve the Discovery Issue

1.  On October 5, 2005, Counsel for both sides had a telephone conference, occasioned by Defendant's second request for an extension of time within which to reply to the complaint. Upon being advised that Plaintiff would oppose this extension, Defendant proposed  answering the Complaint and setting a briefing schedule, to which Plaintiff agreed.

2.  No "planning conference" took place in this case, at least within the normal meaning of that phrase.  Plaintiff's counsel suggested meeting with Defendant's counsel in an October 7, 2005, E-Mail (see Attachment A).  Defendant's counsel did not respond to the suggestion.

3.  Plaintiff served interrogatories,  along with definitions of two of the terms used in them, on October 11, 2005 (see Attachment B).

4.  On November 8 and November 10, 2005, counsel discussed the outstanding request

for discovery.  Both parties noted that disputes about discovery were ideally settled between

counsel and, in accordance with that principle, Defendant's counsel stated that she would prepare

a Motion for a Protective Order and show it to Plaintiff's counsel in advance of filing it.

Defendant's counsel did not do so.


<u>Discovery Will Show Conclusively Whether Defendant's Public Information<br>About the Program Is Accurate</u>

Plaintiff does **not** seek discovery to explore the extent of the Defendant's search for

responsive documents, or to buttress arguments about claimed exemptions from the FOIA.

Rather, Plaintiff seeks discovery to explore the Defendant's good faith in publishing information

about how it treats restitution in the decision-making process for international prisoner transfers.

By stating on its website that the presence of outstanding restitution is treated in the same manner

as unpaid fines and special assessments, Defendant has affirmatively misled dozens and perhaps

hundreds of transfer applicants, along with their attorneys and family members.  While the two

affidavits accompanying Plaintiff's Opposition to Defendant's Motion for Summary Judgment

provide substantial support for Plaintiff's position, the interrogatories propounded are the best

way to discover the full extent of the damage done by Defendant's website.

Discovery is available in FOIA cases where the plaintiff explains how the requested

discovery will uncover information that would create a genuine issue of material fact.  *See e.g.*,

*Carney v. U.S. Department of Justice*, 19 F.3d 807, 812 (2d Cir. 1994).  Here, the requested

discovery will show with reasonable certainty whether Defendant grants international transfers to

those with outstanding restitution in the same proportion that it grants transfers to those with outstanding special assessments and fines or indeed, whether it grants transfers to those with outstanding restitution at all.  It will also show whether Defendant's website is frequently accessed.  If, as Plaintiff believes, the answers disprove Defendant's assertion that restitution is treated in the same manner as special assessments and fines – as a discretionary factor to be considered along with "the entire record of the offender" – Defendant and the public will be entitled to further relief.

The seven interrogatories served on Defendant on October 11 appear to be the least intrusive means of demonstrating the accuracy *vel non* of Defendant's claim.  That being the case, Plaintiff asks the Court to deny Defendant's motion for a protective order, and to direct Defendant to respond to the interrogatories forthwith.

Respectfully submitted,


Dated: December 19, 2005                    _____

Sylvia Royce
DC Bar 924035
5505 Connecticut Avenue, NW #340
Washington, DC   20015
Tel: (202) 362-3445
Fax: (202) 686-4271
sylvia_royce@hotmail.com
Attorney for Plaintiff John Lee