Attachment 2

# AFFIDAVIT OF JEFFREY S. WEINER, ESQUIRE
## ATTORNEY AT LAW

1. I am a member of the bars of Illinois and Florida (since 1974), and of the bars of the United States Supreme Court, and numerous federal District Courts and Courts of Appeals.

2. I am actively engaged in the practice of criminal law in the Southern District of Florida. I also represent people in international criminal law and post-conviction matters. Because of the type of practice I have and the large number of foreign nationals who are prosecuted in this district, I am generally familiar with the International Prisoner Transfer Program. I have long been aware that the program is a discretionary one, and that the decisions on international prisoner transfer are made in Washington at the Department of Justice.

3. I represented John Lee in Case No. 03-60288 before the Honorable William J. Zloch, Chief Judge of the U.S. District Court for the Southern District of Florida. At the time I represented Mr. Lee, he was in his late fifties with no criminal record. Mr. Lee was a Canadian citizen who had had a long career of legitimate employment as a successful real estate developer and investor. Faced with a cash flow problem, Mr. Lee defrauded Aubrey Strul out of $10 million. When confronted with his conduct, Mr. Lee immediately expressed remorse for the offense, gave his full cooperation to the authorities, and made very significant restitution.

Affidavit of Jeffrey S. Weiner, Esquire
United States v. John Lee
December 2005
Page 2


4. Mr. Lee entered a plea of guilty on June 16, 2004, to one count of wire fraud, in violation of Title 18 U.S.C. § 1343. The plea agreement in his case (attached) was drafted by the U.S. Attorney's Office after discussions with undersigned counsel. At the time of the plea and sentencing, the very experienced Federal prosecutor clearly stated that he did not object to Mr. Lee being transferred to Canada to serve/complete his sentence. As the criminal case proceeded, Mr. Lee continued to make restitution to the victim, turning over real property, personal property, business property, and cash to Mr. Strul.

5. The plea agreement anticipated a joint recommendation to the Court and probation office that the amount of loss from the fraud was between $7 million and $20 million (paragraph 4), and that the government would move for a downward departure at sentencing pursuant to Section 5K2.0 in recognition of Mr. Lee's extraordinary restitution to the one victim in the case (paragraph 5). The plea agreement also provided that the Government would recommend that no fine or separate restitution order be imposed (paragraph 10), and that the U.S. would not oppose Mr. Lee's request to the International Prisoner Transfer Unit for an international prisoner transfer (paragraph 12).

6. At the time we were negotiating the plea; I was not sure whether an unsatisfied restitution order would bar Mr. Lee's transfer where Mr. Lee had received a downward departure for his extraordinary efforts to make restitution.

Affidavit of Jeffrey S. Weiner, Esquire
United States v. John Lee
December 2005
Page 3

7.  After the plea had been entered, the case was referred to the Probation Office for a presentence report.  Despite the fact that Mr. Lee had already given approximately millions of dollars for restitution, and the fact that the plea agreement specifically provided that no further restitution would be requested, the Probation Office pointed out that under the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A, the Court was required to impose restitution. Although the amount of the loss was fairly straightforward, the computation of the value of some of the property handed over to the victim, as restitution was complicated. To the best of my knowledge, such a computation has not yet been completed.

          ___/s/_____
          JEFFREY S. WEINER, ESQUIRE
          WEINER & RATZAN, P.A.
           Two Datran Center, Suite 1910
          9130 South Dadeland Boulevard
          Miami, Florida 33156-7858
          Tel No. 305 670-9919
          Fax No. 305 670-9299

| STATE OF FLORIDA | : | |
|---|---|---|
| | : | SS: |
| COUNTY OF MIAMI-DADE | : | |

  BEFORE ME the undersigned authority, this day personally appeared JEFFREY S. WEINER, ESQUIRE, who is personally known to me and who, being by me first duly sworn, deposes and says that he executed the foregoing document.

  WITNESS my hand and official seal this ____ day of December, 2005.

          _____/s/_____

          NOTARY PUBLIC IN AND FOR
          THE STATE OF FLORIDA

My Commission Expires: