Nk/nk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 03-60288-CR-ZLOCH

UNITED STATES OF AMERICA,

-vs-

JOHN LEE,

       Defendant.

_____/

June 16, 2004
Ft. Lauderdale

## PLEA AGREEMENT

The United States of America and John Lee (hereinafter referred to as the "defendant") enter into the following agreement:

1. The defendant agrees to plead guilty to Count One of the Indictment, which charges the defendant with wire fraud, in violation of Title 18, United States Code, Section 1343. The United States agrees that it will move to dismiss, at sentencing, the remaining counts of the Indictment.

2. The defendant is aware that the sentence will be imposed in conformity with the Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"), and that the applicable guidelines will be determined by the court relying in part on the results of a Pre-Sentence Investigation by the court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the court may depart from the applicable guideline range and impose a sentence

that is either more severe or less severe than the guidelines range. Knowing these facts, the defendant understands and acknowledges that the court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

3. The United States agrees that it will recommend at sentencing that the court reduce by three levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1 of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. However, the United States will not be required to make this sentencing recommendation if the defendant: (1) fails or refuses to make full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

4. Although not binding on the Court or the probation office, the United States and the defendant agree to recommend jointly that the amount of fraud or loss, for relevant conduct purposes, pursuant to Section 2B1.1(a)(1) of the Sentencing Guidelines, is between $7 million and $20 million, resulting in a twenty point enhancement, to the base offense level of six, for a total offense level of twenty-six. The United States and the defendant further agree to recommend jointly that no other specific offense characteristic applies to the instant offense and there are no grounds for an upward departure. Specifically, the United States agrees that the

enhancement for sophisticated means, pursuant to Section 2B1.1(b)(8) of the Sentencing Guidelines does not apply in that: a) the scheme was of short duration and not complex; b) involved a finite transaction where three checks were transferred; and c) assets obtained were not hidden. The United States also agrees that it will recommend to the sentencing court that the court impose a sentence at the low end of the guidelines range applicable to the defendant.

5. The United States agrees that it will recommend at sentencing that the court reduce by two levels the defendant's total offense guideline level based on a downward departure, pursuant to Section 5K2.0 of the Sentencing Guidelines, predicated upon the defendant's extraordinary restitution to the one victim in this case. The United States would stipulate that the defendant's turning over of significant assets such as a residence, vehicles and proceeds of bank accounts prior to his plea and sentencing constitute extraordinary efforts at restitution that remove this defendant's case from the heartland of restitution cases.(See United States v Kim, 364 F.3d 1325 (11th Cir. 2004).

6. The defendant understands and acknowledges that the court may impose a statutory maximum term of imprisonment of up to twenty years imprisonment followed by a three year term of supervised release. In addition to a term of imprisonment and supervised release, the court may impose a fine of up to $250,000.

7. The defendant further understand and acknowledges that, in addition to any sentence imposed under this agreement, a special assessment in the amount of $100 will be imposed on the defendant.

8. The Office of the United States Attorney for the Southern District of Florida (hereinafter "Office) reserves the right to inform the court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses

committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

9. The defendant is aware that the sentence has not yet been determined by the court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the government, or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office or the court. The defendant understands further that any recommendation that the government makes to the court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the court and the court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in paragraph 2 above, that the defendant may not withdraw his plea based upon the court's decision not to accept a sentencing recommendation made by the defendant, the government, or a recommendation made jointly by both the defendant and the government.

10. The defendant further agrees to forfeit to the United States voluntarily and immediately all of his right, title and interest to any and all assets, and/or their substitutes which are subject to forfeiture pursuant to Title 18, United States Code, Section 982(a)(1) and/or Title 18, United States Code, Section 982(a)(2)(A). Those assets include the following:

**Bank Accounts**:

    A.    The contents of First Union/Wachovia Bank Account No. 9982668354, in the name of JOHN LEE, located at Wachovia Bank, 6653 Jog Road, Boca Raton, Florida;

    B.    The contents of First Union/Wachovia Bank Account No. 1628902899693, in the

      name of Marliese Lee and Tatyana Lee, located at Wachovia Bank, 6653 Jog Road, Boca Raton, Florida ;

C.    The contents of First Union/Wachovia Bank Account No. 1010077323013, in the name of Marliese Lee, located at Wachovia Bank, 975 South Federal Highway, Boca Raton, Florida ;

D.    The contents of First Union/Wachovia Bank Certificate of Deposit, Account No.013152061326889, in the name of Tatanya Lee.

**Real Property**:

E.    Real property located at 201 N. E. Spanish Trail, Boca Raton, Florida, and all contents therein relating to interior design, home improvements, and physical fitness, with the following legal description:

      Lot 5, of Block 5, of BOCA RATON RIVIERA UNIT "B", ACCORDING TO THE Plat thereof, as recorded in Plat Book 20 at Page 50, of the Public Records of Palm Beach County, Florida;

**Vehicles**:

F.    One (1) 2004 Porsche Cayenne, Florida License Plate No. W63XXU, Vehicle Identification No. WP1AB29P94LA64311;

G.    One (1) 2003 Mercedes Benz SL500, Florida License Plate No. LVG-344, Vehicle Identification No. WDBSK75F73F009741; and

H.    One (1) 2003 Toyota Matrix, Florida License Plate No. HXX-558, Vehicle Identification No. 2T1KR32E136002228;

The defendant acknowledges above-described assets are property constituting, or derived from proceeds of unlawful wire fraud activity as set forth in the Indictment. Defendant also knowingly and voluntarily agrees to waive any claim or defense he may have under the Eighth Amendment to the United States Constitution, including any claim of excessive fine or penalty with respect to the forfeited assets. The Defendant further agrees to take whatever steps and execute whatever documents the United States deems necessary to promptly transfer possession and pass clear title of the forfeitable property to the United States, including, but not limited to,

consents to forfeiture, quit claim deeds and any and all other documents necessary to deliver good and marketable title to said property, the surrender of documents of title, execution of documents transferring title, execution of a consent to forfeiture, or other documents as may be needed to fully accomplish the forfeiture and vest title in the United States. Defendant will take all steps as may be necessary to transfer title to the United States of the property to be forfeited before and after the sentencing. The defendant also agrees that the defendant shall assist this Office in all proceedings, whether administrative or judicial, involving the forfeiture to the United States of all rights, title, and interest, regardless of their nature or form, in all assets, including real and personal property, cash and other monetary instruments, wherever located, which the defendant or others to his knowledge have accumulated as a result of illegal activities. Such assistance will involve an agreement on defendant's part to the entry of an order enjoining the transfer or encumbrance of assets which may be identified as being subject to forfeiture, including but not limited to those specific personal properties set forth in the forfeiture counts of the Indictment. The United States agrees that it will recommend, based on the defendant's relinquishment of the aforesaid currency and assets that were used for restitution purposes by the United States Attorney, that no fine or separate restitution order be imposed on the defendant.

11.The defendant is aware that Title 18, United States Code, Section 3742 affords the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Section 3742 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure from the guideline range that the court establishes at sentencing. The defendant further understands that

nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b). However, if the United States appeals the defendant's sentence pursuant to Section 3742(b), the defendant shall be released from the above waiver of appellate rights. By signing this agreement, the defendant acknowledges that he/she has discussed the appeal waiver set forth in this agreement with his/her attorney. The defendant further agrees, together with the United States, to request that the district court enter a specific finding that the defendant's waiver of his/her right to appeal the sentence to be imposed in this case was knowing and voluntary.

12. The United States agrees to not oppose the defendant's request to the International Prisoner Transfer Unit (IPTU), for a transfer of custody, pursuant to the treaty between the United States and Canada, to serve his sentence of imprisonment in Canada.

13. This is the entire agreement and understanding between the United States and the defendant. There are no other agreements, promises, representations, or understandings.

MARCOS DANIEL JIMENEZ
UNITED STATES ATTORNEY

Date: 6/16/04   By: _____
NEIL KARADBIL
ASSISTANT UNITED STATES ATTORNEY

Date: June 16/2004   By: _____
JEFFREY WEINER
ATTORNEY FOR DEFENDANT

Date: June 16/2004   By: _____
JOHN LEE
DEFENDANT