Attachment #3

# AFFIDAVIT of PAMELA B. STUART

1. I am a member of the bars of the District of Columbia, Maryland, Virginia, Florida, and New York, and of the bars of the United States Supreme Court, and numerous U.S. District Courts and Courts of Appeals, including the United States District Court for the District of Columbia.

2. I am a former Assistant U.S. Attorney for the District of Columbia, and a former attorney with the U.S. Department of Justice, Criminal Division, Office of International Affairs. I am now in private practice.

3. I am generally familiar with the international prisoner transfer program, and have represented at least five persons in their efforts to obtain international prisoner transfers.

4. In 2002 I represented a person who wished to obtain a transfer to Canada. Prior to accepting his case, I reviewed his situation and satisfied myself that he was a reasonably strong

Affidavit of Pamela B. Stuart page 2

candidate for a transfer. It was a condition of the plea agreement that the prosecutor would not oppose the transfer, and the judge had noted his non-objection in the Judgment in a Criminal Case. Although there was a restitution order outstanding against him, he was one of several persons who were jointly and severally liable for the restitution order, which was quite large ($254,000). In my experience, individuals who are incarcerated are often not able to make restitution in such large amounts. In reviewing this individual's case, I felt that the other factors (such as his strong ties to Canada, his desire to return to his common-law wife, and his lack of criminal history) made him a strong applicant. None of written materials about the program and nothing in my experience suggested that he would never be approved for a transfer because of the restitution order, so I agreed to represent him and prepared the transfer request.

5. My client was denied a transfer by the U.S. Department of Justice. When I discussed the reasons for my client's denial later with Richard K. Preston (the Deputy Chief of the International Prisoner Transfer Unit), he advised me that the real reason for the denial was that the Department of Justice had

Affidavit of Pamela B. Stuart page 3

been pressured informally by members of Congress not to transfer federal prisoners until they had paid outstanding restitution orders.  Mr. Preston advised me that my client would not be approved for transfer so long as the restitution order was unsatisfied, notwithstanding any other strengths or weaknesses of his application.

6.  My client felt that I should have known that the restitution order would be treated as an absolute bar to his transfer, and that I should therefore not have accepted his case.  He went on to file a grievance against me with the Office of Bar Counsel for the District of Columbia.  In my response, I explained the efforts I had made to satisfy myself that the client was a good candidate for transfer and, stated that, to the best of my knowledge, the Department's policy relating to restitution was not generally known or published.  Fortunately, Bar Counsel accepted my explanation and dismissed the complaint.  It was, however, a disappointment for the client, and an unpleasant and time-consuming experience for me which could have been prevented

Affidavit of Pamela B. Stuart page 4

had I known in advance about the Department's view of restitution.

_____/s/_____
Pamela B. Stuart
The J. Raymond Stuart Building
1750 N Street, NW
Washington, DC   20036

Subscribed and sworn before me, a Notary Public in and for Washington, District of Columbia, this _____ day of December, 2005.  My commission expires: _____.

_____/s/_____
Signature and Seal of Notary