UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN LEE, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 05-1665 (RWR) |
| | ) |
| U.S. DEPARTMENT OF JUSTICE, | ) |
| | ) |
|     Defendant. | ) |

**REPLY TO OPPOSITION
TO MOTION FOR SUMMARY JUDGMENT**

Plaintiff filed this case pursuant to the Freedom of Information Act asserting that defendant had improperly failed to release requested documents concerning the International Prisoner Transfer Unit. Complaint ¶ 1. Defendant moved for summary judgment on the grounds that the agency had met its obligations under FOIA by releasing the requested documents on November 2, 2005, with minimal redactions. Motion at 3-4. Plaintiff opposed the motion, acknowledging receipt of the documents and not contesting the necessity of the redactions or the adequacy of the search. Opposition at 2. Plaintiff contends, however, that the case is not yet concluded because public information about the international prisoner transfer program is misleading and some information should have been published in the Federal Register. Opposition at 3.

Federal courts are not authorized to order publication of agency documents in the Federal Register. *Kennecott Utah Copper Corporation v. United States Department of Interior*, 88 F.3d 1191, 1202 (D.C. Cir. 1996). In addition, plaintiff's claim that public information about the international prisoner transfer program is misleading is not cognizable under FOIA, and thus plaintiff

fails to state a claim. 5 U.S.C. § 552. *See Tijerina v. Walters*, 821 F.2d 789, 799 (D.C. Cir. 1987)(no live controversy remaining after release of documents), citing *Perry v. Bloch*, 684 F.2d 121 (D.C. Cir. 1982) ("[H]owever fitful or delayed the release of information,...if we are convinced appellees have, however belatedly, released all nonexempt material, we have no further judicial function to perform under the FOIA."[1]

---

[1] It should be noted that plaintiff's FOIA request did not include policy statements regarding the weight to be given to restitution in making transfer determinations for international prisoners. Moreover, plaintiff is misrepresenting the Prisoner Transfer Unit's guidance. The web link http://www.usdoj.gov/criminal/oeo/guidelines.html provides as follows: "(g) Unpaid court-ordered assessments, fines, or restitution. Because all supervisory authority over the prisoner is terminated when the prisoner transfers, financial obligations of the prisoner need to be settled prior to transfer." Plaintiff attached a copy of this policy as attachment 1 to his filing but conveniently ignores this more detailed statement in favor of the more general summary. The policy of disfavoring transfers where restitution is unpaid is grounded firmly in the legislative history of the Prisoner Transfer statute. The House Report that appears in U.S.C.C.A.N. states: "[The Committee] expects that transfer will be limited, in almost all cases, to individuals who must only comply with terms of probation, imprisonment or parole and that restitution and reparation conditions will be satisfied, settled or resolved prior to a transfer." H.R. Rep. No. 95-720, at 41 (1977), reprinted in 1977 U.S.C.C.A.N. 3146, 3164. Furthermore, the Prisoner Transfer Unit's decisions are committed to the discretion of the Attorney General and are not reviewable under the Administrative Procedure Act. *See Szabo v. Killion*, CA 03-0212 (RWR), *citing Bagguley v. Bush*, 953 F.2d 660, 662 (D.C. Cir. 1991), *cert. denied*, 503 U.S. 995 (1992); *Palasty v. Department of Justice*, 2000 WL 1582716 (D.C. Cir. Sept. 26, 2000); *Coleman v. Reno*, 91 F.Supp. 2d 130, 132 (D.D.C. 2000).

Respectfully submitted,

_____
KENNETH L. WAINSTEIN
D.C. Bar No. 451058
United States Attorney

_____
R. CRAIG LAWRENCE
D.C. Bar No. 171538
Assistant U.S. Attorney

_____
CHARLOTTE A. ABEL
D.C. Bar No. 388582
Assistant U.S. Attorney
Civil Division
555 Fourth Street, NW
Washington, D.C. 20530
(202) 307-2332