```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA

_____
                              )
JOHN LEE,                     )
                              )
          Plaintiff,          )
                              )
     v.                       )    Civil Action No. 05-1665 (RWR)
                              )
UNITED STATES DEPARTMENT OF   )
JUSTICE,                      )
                              )
          Defendant.          )
_____)
```

                         **MEMORANDUM OPINION**

    Plaintiff John Lee filed this suit against the United States Department of Justice ("DOJ") under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 et seq., seeking the disclosure of agency records.  After providing Lee with all of the nine documents responsive to his request with minimal redactions, DOJ filed a motion for summary judgment.  Because DOJ has complied with the requirements of the FOIA, summary judgment will be granted.

                              BACKGROUND

    Lee, a Canadian citizen and former federal prisoner,[1] was denied an international prison transfer by DOJ on the grounds that his court-ordered restitution had not been satisfied.  (Compl. at 2.)  Based on this decision, Lee requested "copies of a collection of materials on the subject of making U.S.

---

    [1] Lee was released from U.S. custody on October 6, 2006.

- 2 -

restitution orders enforceable in Canada." (Def.'s Mem. in Supp. of Def.'s Mot. for Summ. J. ("Def.'s Mem."), Attach. 2, Ex. 1, Letter from Sylvia Royce, Plaintiff's Counsel, to Thomas J. McIntyre, Chief, FOIA/PA Unit, Criminal Division, Department of Justice (May 4, 2005).) Specifically, Lee sought "sample motions which in effect convert a federal restitution order to a civil judgement in favor of the United States, which is then registered with the provincial courts in Canada." (Pl.'s Opp'n to Mot. for Summ. J. ("Pl.'s Opp'n") at 2.) In response to Lee's request, DOJ released nine documents consisting of twenty-six pages to Lee's counsel. (Def.'s Mem. at 3.) DOJ redacted "names, court docket numbers and, in a few instances, dates that would either directly or indirectly lead to the identification of a third party." (Id.) After producing all of the responsive records to Lee, with minimal redactions, DOJ filed a motion for summary judgment. Lee opposes the motion by arguing that he "doubts that these redactions were required."[2] (Pl.'s Opp'n at 2.)

---

[2] Lee also alleges that DOJ inaccurately reported the agency's decision-making process in considering international prisoner transfers and asks that DOJ be required to publish information pertaining to international prison transfers in the Federal Register. (Pl.'s Opp'n at 3.) Lee provides no legal basis for the former assertion, and FOIA does not authorize courts to order publication of agency documents in the Federal Register. Kennecott Utah Cooper Corp. v. Dep't of Interior, 88 F.3d 1191, 1202-03 (D.C. Cir. 1996). Thus, summary judgment will be granted on those claims as well.

## DISCUSSION

Summary judgment is allowed when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In FOIA cases, in order to obtain summary judgment, "the defending agency must prove that each document that falls within the class requested either has been produced, is unidentifiable, or is wholly exempt from the Act's inspection requirements." Goland v. CIA, 607 F.2d 339, 352 (D.C. Cir. 1978) (internal quotation marks omitted); see Students Against Genocide v. Dep't of State, 257 F.3d 828, 833 (D.C. Cir. 2001) (internal quotation marks omitted). To challenge such a showing, the non-moving party "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). "Summary judgment may be granted on the basis of agency affidavits if they contain reasonable specificity of detail rather than merely conclusory statements, and if they are not called into question by contradictory evidence in the record or by evidence of agency bad faith." Gallant v. N.L.R.B., 26 F.3d 168, 171 (D.C. Cir. 1994) (internal quotation marks omitted).

DOJ claims that it is entitled to summary judgment because it has provided Lee with all of the nine responsive documents, consisting of twenty-six pages, with redactions that are allowed under FOIA exemptions 6 and 7(C). (Def.'s Mem. at 4.) The FOIA

- 4 -

allows an agency to withhold information contained in "personnel and medical and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6).  The FOIA also allows for the withholding of "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . could reasonably be expected to constitute an unwarranted invasion of personal privacy."  5 U.S.C. § 552(b)(7)(C).  In deciding whether the release of particular information constitutes an invasion of privacy, a court must balance the privacy interest at stake against the public interest in disclosure.  See Dep't of Justice v. Reporter's Comm. for Freedom of the Press, 489 U.S. 749, 777 (1989); Sims v. CIA, 642 F.2d 562, 573 (D.C. Cir. 1980).

The information withheld from the documents that DOJ released to Lee consisted of "names, court docket numbers and . . . dates, that would either directly or indirectly lead to the identification of a third party."  (Def.'s Mem. at 3 (citing Def.'s Mem., Attach. 2, Decl. of Thomas J. McIntrye, Nov. 21, 2005 ("McIntyre Decl.") at ¶ 9).)  DOJ argues that the privacy interests of those third parties outweigh the public's interest in disclosure because the information was compiled as part of the government's law enforcement efforts to obtain restitution from individuals convicted of serious criminal activity, lacks

- 5 -

notoriety, and places the individuals named in a negative light for conduct that occurred several years ago. (Def.'s Mem. at 4-5.) While Lee asserts that he "doubts that these redactions were required" (Pl.'s Opp'n at 2), he provides no contradictory evidence to refute DOJ's contention that all of the redacted information was identifying information about third parties. Further, although the documents may contain information that has already been made public at one time, given that the information would disclose incidents of prior criminal conduct by third parties, those individuals certainly have privacy interests in keeping the information from renewed public scrutiny. See Reporter's Comm., 489 U.S. at 753, 780 (finding that disclosure of information contained in FBI rap sheets would constitute an unwarranted invasion of personal privacy and exempting the information from disclosure under 5 U.S.C. § 552(b)(7)(C), even though most of the information was already a matter of public record); Judicial Watch, Inc. v. Dep't of Justice, 365 F.3d 1108, 1126 (D.C. Cir. 2004) (allowing agency to withhold information under 5 U.S.C. § 552(b)(6), stating that "[e]ven though some of this information has previously been disclosed to the public, . . . the information is nevertheless entitled to protection"). Because DOJ supplied Lee with all of the documents responsive to his request and left the substantive information relating to the

- 6 -

workings of the agency in tact (<u>see</u> McIntyre Decl. at ¶¶ 9, 16), summary judgment will be granted.

## CONCLUSION

DOJ produced all of the documents responsive to Lee's FOIA request.  Although DOJ redacted information pertaining to third parties, plaintiff has not shown that these redactions were not justified under 5 U.S.C. § 552(b)(6) and (b)(7)(C).  Accordingly, DOJ's motion for summary judgment will be granted.

A final, appealable Order accompanies this Memorandum Opinion.

SIGNED this 5th day of March, 2007.

                              _____/s/_____
                              RICHARD W. ROBERTS
                              United States District Judge